IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HELIOS STREAMING, LLC, and IDEAHUB, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CRACKLE, INC., CRACKLE PLUS, LLC, CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., SONY PICTURES TELEVISION, INC., and SONY PICTURES ENTERTAINMENT, INC., <br><br> Defendants. | C.A. No. 19-cv-01818-CFC-SRF <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS IN RESPONSE TO PLAINTIFFS'
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendants Crackle Plus, LLC, Chicken Soup For The Soul Entertainment, Inc., Sony Pictures Television Inc., and Sony Pictures Entertainment Inc. (collectively "Defendants" or "Crackle") file this response to Plaintiffs Helios Streaming, LLC and Ideahub, Inc. (collectively "Plaintiffs") Amended Complaint for Patent Infringement (D.I. 26, "Complaint").  Defendants deny the allegations in the Complaint unless expressly admitted in the following paragraphs.

### NATURE OF THE ACTION

1.      Crackle admits the Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.      Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3.      Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      Crackle denies the allegations in paragraph 4.

5.      Crackle admits that Crackle Plus, LLC is a limited liability company organized under the laws of the State of Delaware with a place of business at 132 East Putman Avenue, Floor 2W, Cos Cob, CT 06807.  Crackle further admits that Crackle Plus, LLC sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, but denies the remaining allegations in paragraph 5.

6.      Crackle admits that Chicken Soup for the Soul Entertainment, Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 132 East Putman Avenue, Floor 2W, Cos Cob, CT 06807.  Crackle further admits that Chicken Soup for the Soul Entertainment, Inc. sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, but denies the remaining allegations in paragraph 6.

7.      Crackle admits that Sony Pictures Television Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 10202 West Washington Boulevard, Culver City, CA 90232.  Crackle further admits that Sony Pictures Television Inc. sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, but denies the remaining allegations in paragraph 7.

8.      Crackle admits that Sony Pictures Entertainment, Inc. is a corporation organized under the laws of the State of Delaware with a place of business at 10202 West Washington Boulevard, Culver City, CA 90232.  Crackle further admits that Sony Pictures Entertainment,

Inc. sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, but denies the remaining allegations in paragraph 8.

## JURISDICTION AND VENUE

9.      Crackle admits the Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

10.     Crackle admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11.     For purposes of this action only, Crackle admits that venue is proper in this judicial district.

12.     For purposes of this action only, Crackle admits that that this Court has personal jurisdiction over Crackle Plus, LLC, Chicken Soup for the Soul Entertainment, Inc., Sony Pictures Television Inc., and Sony Pictures Entertainment, Inc.  Crackle denies the remaining allegations in paragraph 12.

## BACKGROUND

13.     Crackle admits that this action involves ten patents.

14.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore denies them.

18.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

20.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and therefore denies them.

28.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, and therefore denies them.

30.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and therefore denies them.

32.     Crackle admits that Plaintiffs filed the original complaint for patent infringement on September 27, 2019.

**COUNT I – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,270,830**

33.     Crackle incorporates by reference its responses to paragraphs 1–32 of this Answer as if fully set forth herein.

34.     Crackle admits that what purports to be a copy of the '830 patent was attached to the Complaint as Exhibit 1.  Crackle further admits that the cover page of the '830 patent has a title of "Apparatus and Method for Providing Streaming Content Using Representations." Crackle denies that the '830 patent was duly and legally issued.

35.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies them.

36.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, and therefore denies them.

37.     Crackle denies the allegations in paragraph 37.

38.     Crackle denies the allegations in paragraph 38.

39.     Crackle denies the allegations in paragraph 39.

40.     Crackle denies the allegations in paragraph 40.

41.     Crackle denies the allegations in paragraph 41.

42.     Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 42.

43.     Crackle denies the allegations in paragraph 43.

44.     Crackle denies the allegations in paragraph 44.

45.     Crackle denies the allegations in paragraph 45.

46.     Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 46.

47.     The content of the August 23, 2018 letter speaks for itself, and paragraph 47 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms," but except as expressly admitted in this paragraph, Crackle denies that paragraph 47 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 47.

48.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and therefore denies them.

49.     The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 49 contains no allegations that require a response.  To the extent any

response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony

Corporation of America sent a response dated January 23, 2019, but except as expressly admitted

in this paragraph, Crackle denies that paragraph 49 sets forth an accurate and complete

description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the

allegations of paragraph 49.

50.     Crackle admits that emails were exchanged with Helios and that those written

communications speak for themselves.  The allegations in this paragraph are otherwise denied.

51.     Crackle admits that emails were exchanged with Helios and that those written

communications speak for themselves.  The allegations in this paragraph are otherwise denied.

52.     Crackle further admits that the cover page of the '830 patent has an issue date of

April 23, 2019.  Crackle denies that the '830 patent was duly and legally issued.

53.     Crackle admits that emails were exchanged with Helios and that those written

communications speak for themselves.  The allegations in this paragraph are otherwise denied.

54.     Crackle admits that emails were exchanged with Helios and that those written

communications speak for themselves.  The allegations in this paragraph are otherwise denied.

55.     Crackle admits that emails were exchanged with Helios and that those written

communications speak for themselves.  The allegations in this paragraph are otherwise denied.

56.     Crackle is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 56, and therefore denies them.

57.     Crackle admits that Plaintiffs filed the original complaint and claim chart exhibits

on September 27, 2019.  Crackle denies the remaining allegations of paragraph 57.

58.     Crackle denies the allegations in paragraph 58.

59.     Crackle denies the allegations in paragraph 59.

60.     Crackle denies the allegations in paragraph 60.

61.     Crackle denies the allegations in paragraph 61.

## COUNT II – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,277,660

62.     Crackle incorporates by reference its responses to paragraphs 1–61 of this Answer as if fully set forth herein.

63.     Crackle admits that what purports to be a copy of the '660 patent was attached to the Complaint as Exhibit 3.  Crackle further admits that the cover page of the '660 patent has a title of "Apparatus and Method for Providing Streaming Content."  Crackle denies that the '660 patent was duly and legally issued.

64.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and therefore denies them.

65.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and therefore denies them.

66.     Crackle denies the allegations in paragraph 66.

67.     Crackle denies the allegations in paragraph 67.

68.     Crackle denies the allegations in paragraph 68.

69.     Crackle denies the allegations in paragraph 69.

70.     Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 70.

71.     Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 71.

72.     The content of the August 23, 2018 letter speaks for itself, and paragraph 72 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')," but except as expressly admitted in this paragraph, Crackle denies that paragraph 72 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 72.

73.     The content of the August 23, 2018 letter speaks for itself, and paragraph 73 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged, "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms," but except as expressly admitted in this paragraph, Crackle denies that paragraph 73 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 73.

74.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and therefore denies them.

75.     The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 75 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 75 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 75.

76.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

77.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

78.     Crackle further admits that the cover page of the '660 patent has an issue date of April 30, 2019.  Crackle denies that the '660 patent was duly and legally issued.

79.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

80.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

81.      Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, and therefore denies them.

82.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and therefore denies them.

83.     Crackle admits that Plaintiffs filed the original complaint and claim chart exhibits on September 27, 2019.  Crackle denies the remaining allegations of paragraph 83.

84.     Crackle denies the allegations in paragraph 84.

85.     Crackle denies the allegations in paragraph 85.

86.     Crackle denies the allegations in paragraph 86.

87.     Crackle denies the allegations in paragraph 87.

## COUNT III –[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,313,414

88.     Crackle incorporates by reference its responses to paragraphs 1–87 of this Answer as if fully set forth herein.

89.     Crackle admits that what purports to be a copy of the '414 patent was attached to the Complaint as Exhibit 5.  Crackle further admits that the cover page of the '414 patent has a title of "Apparatus and Method for Providing Streaming Content Using Representations."  Crackle denies that the '414 patent was duly and legally issued.

90.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and therefore denies them.

91.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and therefore denies them.

92.     Crackle denies the allegations in paragraph 92.

93.     Crackle denies the allegations in paragraph 93.

94.     Crackle denies the allegations in paragraph 94.

95.     Crackle denies the allegations in paragraph 95.

96.     Crackle denies the allegations in paragraph 96.

97.     Crackle denies the allegations in paragraph 97.

98.     Crackle denies the allegations in paragraph 98.

99.     Crackle denies the allegations in paragraph 99.

100.    Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 100.

101.    Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 101.

102.     The content of the August 23, 2018 letter speaks for itself, and paragraph 102

contains no allegations that require a response.  To the extent any response is required, Crackle

admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide

exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming

over HTTP ( DASH ) that were researched and developed by the Electronics and

Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive

license of the DASH patent portfolio under fair and reasonable terms," but except as expressly

admitted in this paragraph, Crackle denies that paragraph 102 sets forth an accurate and complete

description of the August 23, 2018 letter and therefore denies the allegations of paragraph 102.

103.     Crackle is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 103, and therefore denies them.

104.     The content of the January 7, 2019 letter speaks for itself, and paragraph 104

contains no allegations that require a response.  To the extent any response is required, Crackle

admits that Helios sent a letter dated January 7, 2019, but except as expressly admitted in this

paragraph, Crackle denies that paragraph 104 sets forth an accurate and complete description of

the January 7, 2019 letter and therefore denies the allegations of paragraph 104.

105.     The content of the January 23, 2019 response speaks for itself, and paragraph 105

contains no allegations that require a response.  To the extent any response is required, Crackle

admits that Sony Corporation of America sent a response dated January 23, 2019, but except as

expressly admitted in this paragraph, Crackle denies that paragraph 105 sets forth an accurate

and complete description of the 7, 2019 letter and January 23, 2019 response and therefore

denies the allegations of paragraph 105.

106.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied..

107.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied..

108.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied..

109.    Crackle further admits that the cover page of the '414 patent has an issue date of June 4, 2019.  Crackle denies that the '414 patent was duly and legally issued.

110.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

111.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

112.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, and therefore denies them.

113.    Crackle admits that Plaintiffs filed the original complaint and claim chart exhibits on September 27, 2019.  Crackle denies the remaining allegations of paragraph 113.

114.    Crackle denies the allegations in paragraph 114.

115.    Crackle denies the allegations in paragraph 115.

116.    Crackle denies the allegations in paragraph 116.

117.    Crackle denies the allegations in paragraph 117.

**COUNT IV – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,356,145**

118.    Crackle incorporates by reference its responses to paragraphs 1–117 of this Answer as if fully set forth herein.

119.    Crackle admits that what purports to be a copy of the '145 patent was attached to the Complaint as Exhibit 7.  Crackle further admits that the cover page of the '145 patent has a title of "Method and Device for Providing Streaming Content."  Crackle denies that the '145 patent was duly and legally issued.

120.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120, and therefore denies them.

121.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, and therefore denies them.

122.    Crackle denies the allegations in paragraph 122.

123.    Crackle denies the allegations in paragraph 123.

124.    Crackle denies the allegations in paragraph 124.

125.    Crackle denies the allegations in paragraph 125.

126.    Crackle denies the allegations in paragraph 126.

127.    Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 127.

128.    Crackle denies the allegations in paragraph 128.

129.    Crackle denies the allegations in paragraph 129.

130.    Crackle denies the allegations in paragraph 130.

131.    Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 131.

132.    The content of the August 23, 2018 letter speaks for itself, and paragraph 132 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')," but except as expressly admitted in this paragraph, Crackle denies that paragraph 132 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 132.

133.    The content of the August 23, 2018 letter speaks for itself, and paragraph 133 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged, "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms," but except as expressly admitted in this paragraph, Crackle denies that paragraph 133 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 133.

134.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, and therefore denies them.

135.    The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 135 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 135 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 135.

136.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

137.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

138.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

139.    Crackle further admits that the cover page of the '145 patent has an issue date of July 16, 2019.  Crackle denies that the '145 patent was duly and legally issued.

140.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

141.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141, and therefore denies them.

142.    Crackle admits that Plaintiffs filed the original complaint and claim chart exhibits on September 27, 2019.  Crackle denies the remaining allegations of paragraph 142.

143.    Crackle denies the allegations in paragraph 143.

144.    Crackle denies the allegations in paragraph 144.

145.    Crackle denies the allegations in paragraph 145.

146.    Crackle denies the allegations in paragraph 146.

### COUNT V – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,362,130

147.    Crackle incorporates by reference its responses to paragraphs 1–146 of this Answer as if fully set forth herein.

148.    Crackle admits that what purports to be a copy of the '130 patent was attached to the Complaint as Exhibit 9.  Crackle further admits that the cover page of the '130 patent has a

title of "Apparatus and Method for Providing Streaming Contents." Crackle denies that the '130 patent was duly and legally issued.

149.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149, and therefore denies them.

150.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150, and therefore denies them.

151.    Crackle denies the allegations in paragraph 151.

152.    Crackle denies the allegations in paragraph 152.

153.    Crackle denies the allegations in paragraph 153.

154.    Crackle denies the allegations in paragraph 154.

155.    Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District. Crackle denies the remaining allegations of Paragraph 155.

156.    Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018. Crackle denies the remaining allegations of paragraph 156.

157.    The content of the August 23, 2018 letter speaks for itself, and paragraph 157 contains no allegations that require a response. To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')," but except as expressly admitted in this

paragraph, Crackle denies that paragraph 157 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 157.

158.    The content of the August 23, 2018 letter speaks for itself, and paragraph 158 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged, "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms," but except as expressly admitted in this paragraph, Crackle denies that paragraph 158 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 158.

159.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159, and therefore denies them.

160.    The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 160 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 160 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 160.

161.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

162.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

163.    80.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

164.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

165.    Crackle denies the allegations in paragraph 165.

166.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

167.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 167, and therefore denies them.

168.    Crackle admits that Plaintiffs filed the original complaint and claim chart exhibits on September 27, 2019.  Crackle denies the remaining allegations of paragraph 168.

169.    Crackle denies the allegations in paragraph 169.

170.    Crackle denies the allegations in paragraph 170.

171.    Crackle denies the allegations in paragraph 171.

172.    Crackle denies the allegations in paragraph 172.

**COUNT VI – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 10,375,373**

173.    Crackle incorporates by reference its responses to paragraphs 1–172 of this Answer as if fully set forth herein.

174.    Crackle admits that what purports to be a copy of the '373 patent was attached to the Complaint as Exhibit 11.  Crackle further admits that the cover page of the '373 patent has a title of "Method and Apparatus for Encoding Three-Dimensional (3D) Content."  Crackle denies that the '373 patent was duly and legally issued.

175.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 175, and therefore denies them.

176.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176, and therefore denies them.

177.    Crackle denies the allegations in paragraph 177.

178.    Crackle denies the allegations in paragraph 178.

179.    Crackle denies the allegations in paragraph 179.

180.    Crackle denies the allegations in paragraph 180.

181.    Crackle denies the allegations in paragraph 181.

182.    Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 182.

183.    Crackle denies the allegations in paragraph 183.

184.    Crackle denies the allegations in paragraph 184.

185.    Crackle denies the allegations in paragraph 185.

186.    Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 186.

187.    The content of the August 23, 2018 letter speaks for itself, and paragraph 187 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and

Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms,"  but except as expressly admitted in this paragraph, Crackle denies that paragraph 187 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 187.

188.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 188, and therefore denies them.

189.    The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 189 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 189 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 189.

190.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

191.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

192.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

193.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

194.    Crackle further admits that the cover page of the '373 patent has an issue date of August 6, 2019.  Crackle denies that the '373 patent was duly and legally issued.

195.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

196.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196, and therefore denies them.

197.    Crackle admits that Plaintiffs filed the original complaint and claim chart exhibits on September 27, 2019.  Crackle denies the remaining allegations of paragraph 197.

198.    Crackle denies the allegations in paragraph 198.

199.    Crackle denies the allegations in paragraph 199.

200.    Crackle denies the allegations in paragraph 200.

201.    Crackle denies the allegations in paragraph 201.

## COUNT VII – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,645,562

202.    Crackle incorporates by reference its responses to paragraphs 1–201 of this Answer as if fully set forth herein.

203.    Crackle admits that what purports to be a copy of the '562 patent was attached to the Complaint as Exhibit 13.  Crackle further admits that the cover page of the '562 patent has a title of "Apparatus and Method for Providing Streaming Content."  Crackle denies that the '562 patent was duly and legally issued.

204.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 204, and therefore denies them.

205.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 205, and therefore denies them.

206.    Crackle denies the allegations in paragraph 206.

207.    Crackle denies the allegations in paragraph 207.

208.     Crackle denies the allegations in paragraph 208.

209.     Crackle denies the allegations in paragraph 209.

210.     Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 210.

211.     Crackle denies the allegations in paragraph 211.

212.     Crackle denies the allegations in paragraph 212.

213.     Crackle denies the allegations in paragraph 213.

214.     Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 214.

215.     The content of the August 23, 2018 letter speaks for itself, and paragraph 215 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms,"  but except as expressly admitted in this paragraph, Crackle denies that paragraph 215 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 215.

216.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 216, and therefore denies them.

217.    The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 217 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 217 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 217.

218.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

219.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

220.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

221.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

222.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

223.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 223, and therefore denies them.

224.    Crackle denies the allegations in paragraph 224.

225.    Crackle denies the allegations in paragraph 225.

226.    Crackle denies the allegations in paragraph 226.

227.    Crackle denies the allegations in paragraph 227.

## <u>COUNT VIII – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,909,805</u>

228.     Crackle incorporates by reference its responses to paragraphs 1–227 of this Answer as if fully set forth herein.

229.     Crackle admits that what purports to be a copy of the '805 patent was attached to the Complaint as Exhibit 15.  Crackle further admits that the cover page of the '805 patent has a title of "Apparatus and Method for Providing Streaming Content."  Crackle denies that the '805 patent was duly and legally issued.

230.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 230, and therefore denies them.

231.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 231, and therefore denies them.

232.     Crackle denies the allegations in paragraph 232.

233.     Crackle denies the allegations in paragraph 233.

234.     Crackle denies the allegations in paragraph 234.

235.     Crackle denies the allegations in paragraph 235.

236.     Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 236.

237.     Crackle denies the allegations in paragraph 237.

238.     Crackle denies the allegations in paragraph 238.

239.     Crackle denies the allegations in paragraph 239.

240.     Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 240.

241.     The content of the August 23, 2018 letter speaks for itself, and paragraph 241 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms,"  but except as expressly admitted in this paragraph, Crackle denies that paragraph 241 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 241.

242.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 242, and therefore denies them.

243.     The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 243 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 243 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 243.

244.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

245.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

246.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

247.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

248.    Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

249.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 249, and therefore denies them.

250.    Crackle denies the allegations in paragraph 250.

251.    Crackle denies the allegations in paragraph 251.

252.    Crackle denies the allegations in paragraph 252.

253.    Crackle denies the allegations in paragraph 253.

## COUNT IX – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,325,558

254.    Crackle incorporates by reference its responses to paragraphs 1–253 of this Answer as if fully set forth herein.

255.    Crackle admits that what purports to be a copy of the '558 patent was attached to the Complaint as Exhibit 17.  Crackle further admits that the cover page of the '558 patent has a title of "Apparatus and Method for Providing Streaming Contents."  Crackle denies that the '558 patent was duly and legally issued.

256.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 256, and therefore denies them.

257.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257, and therefore denies them.

258.    Crackle denies the allegations in paragraph 258.

259.    Crackle denies the allegations in paragraph 259.

260.    Crackle denies the allegations in paragraph 260.

261.    Crackle denies the allegations in paragraph 261.

262.    Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 262.

263.    Crackle denies the allegations in paragraph 263.

264.    Crackle denies the allegations in paragraph 264.

265.    Crackle denies the allegations in paragraph 265.

266.    Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 266.

267.    The content of the August 23, 2018 letter speaks for itself, and paragraph 267 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms,"  but except as expressly

admitted in this paragraph, Crackle denies that paragraph 267 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 267.

268.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268, and therefore denies them.

269.     The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 269 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 269 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 269.

270.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

271.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

272.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

273.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

274.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

275.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 275, and therefore denies them.

276.    Crackle denies the allegations in paragraph 276.

277.    Crackle denies the allegations in paragraph 277.

278.    Crackle denies the allegations in paragraph 278.

279.    Crackle denies the allegations in paragraph 279.

## COUNT X – [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 9,467,493

280.    Crackle incorporates by reference its responses to paragraphs 1–279 of this Answer as if fully set forth herein.

281.    Crackle admits that what purports to be a copy of the '493 patent was attached to the Complaint as Exhibit 19.  Crackle further admits that the cover page of the '493 patent has a title of "Apparatus and Method for Providing Streaming Content."  Crackle denies that the '493 patent was duly and legally issued.

282.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282, and therefore denies them.

283.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283, and therefore denies them.

284.    Crackle denies the allegations in paragraph 284.

285.    Crackle denies the allegations in paragraph 285.

286.    Crackle denies the allegations in paragraph 286.

287.    Crackle denies the allegations in paragraph 287.

288.    Crackle admits the Accused Instrumentalities are used, marketed, provided to, and/or used across the country and in this District.  Crackle denies the remaining allegations of Paragraph 288.

289.    Crackle denies the allegations in paragraph 289.

290.    Crackle denies the allegations in paragraph 290.

291.    Crackle denies the allegations in paragraph 291.

292.    Crackle admits that Helios notified Sony Corporation of America of specific patents via a letter dated August 23, 2018.  Crackle denies the remaining allegations of paragraph 292.

293.    The content of the August 23, 2018 letter speaks for itself, and paragraph 293 contains no allegations that require a response.  To the extent any response is required, Crackle admits that the August 23, 2018 letter alleged: "Helios Streaming, LLC is the worldwide exclusive licensee of patents and patent applications relating to Dynamic Adaptive Streaming over HTTP ( DASH ) that were researched and developed by the Electronics and Telecommunications Research Institute ('ETRI')" and "we are willing to offer a non-exclusive license of the DASH patent portfolio under fair and reasonable terms,"  but except as expressly admitted in this paragraph, Crackle denies that paragraph 293 sets forth an accurate and complete description of the August 23, 2018 letter and therefore denies the allegations of paragraph 293.

294.    Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 294, and therefore denies them.

295.    The content of the January 7, 2019 letter and January 23, 2019 response speak for themselves, and paragraph 295 contains no allegations that require a response.  To the extent any response is required, Crackle admits that Helios sent a letter dated January 7, 2019 and Sony Corporation of America sent a response dated January 23, 2019, but except as expressly admitted in this paragraph, Crackle denies that paragraph 295 sets forth an accurate and complete description of the January 7, 2019 letter and January 23, 2019 response and therefore denies the allegations of paragraph 295.

296.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

297.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

298.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

299.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

300.     Crackle admits that emails were exchanged with Helios and that those written communications speak for themselves.  The allegations in this paragraph are otherwise denied.

301.     Crackle is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301, and therefore denies them.

302.     Crackle denies the allegations in paragraph 302.

303.     Crackle denies the allegations in paragraph 303.

304.     Crackle denies the allegations in paragraph 304.

305.     Crackle denies the allegations in paragraph 305.

## RESPONSE TO STATEMENT REGARDING FRAND OBLIGATION

306.     Crackle admits that, to the extent that any claims of the Asserted Patents are essential to the practice of an ISO/IEC standard, those claims are subject to Fair, Reasonable, and Non-Discriminatory ("FRAND") licensing obligations to willing licensees.  Except as expressly admitted herein, Crackle denies the allegations in paragraph 306.

307.     Paragraph 307 contains no allegations that require a response.  To the extent any response is required, Crackle denies the allegations in paragraph 307.

## JURY DEMAND

Crackle acknowledges that Plaintiffs have demanded a jury trial of this action.  Crackle similarly demands trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Crackle denies the underlying allegations of Plaintiffs' prayer for relief, denies that Plaintiffs are entitled to any relief whatsoever, and requests that the Court deny all relief to Plaintiffs and enter judgment in favor of Crackle on all claims and award Crackle its costs and reasonable attorneys' fees and any further relief as the Court may deem appropriate.  To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Crackle denies them.

## AFFIRMATIVE DEFENSES

Crackle's Affirmative Defenses are listed below, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  Crackle reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

308.     Crackle has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement) or under the doctrine of equivalents), any valid, enforceable claim of the Asserted Patents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

309.    Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 116, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

310.    Plaintiffs have failed to state a claim on which relief can be granted because Crackle has not performed and is not performing any act in violation of any right validly belonging to Plaintiffs.  Plaintiffs have failed to state a claim on which relief can be granted regarding, but without limitation to, willful infringement and pre-suit indirect infringement.

### FOURTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

311.    Plaintiffs' right to seek damages and other remedies from Crackle is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.  For example, on information and belief, Plaintiffs, its predecessors in interest, and/or its licensees failed to comply with or provide notice under the marking requirements of 35 U.S.C. § 287(a) and Plaintiffs may not obtain damages for the period of time prior to the operative Complaint.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

312.    Plaintiffs' claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, prosecution laches, waiver, implied waiver, acquiescence, equitable estoppel, patent misuse, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

313.    To the extent that Plaintiffs alleges infringement under the doctrine of equivalents, Plaintiffs' alleged cause of action is barred, including, without limitation, by way of example, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture.

By virtue of statements made, amendments made, and/or positions taken during the prosecution of the applications for the Asserted Patents, and any application to which these patents claim priority, and in view of any statements made, amendments made and/or positions that Plaintiffs has taken or will take before the U.S. Patent and Trademark Office during, for example, reexamination or *inter partes* review, Plaintiffs is estopped from asserting that the Asserted Patents cover or include any of Crackle's accused products or services.

## SEVENTH AFFIRMATIVE DEFENSE
### (License, Exhaustion, Single Recovery, Intervening Rights)

314.    Plaintiffs' claims for relief are barred by the doctrines of express or implied license, patent exhaustion, the single recovery rule, and/or intervening rights.

## EIGTH AFFIRMATIVE DEFENSE
### (Failure to Comply with FRAND/RAND Obligations)

315.    On information and belief, Plaintiffs' claims for damages are limited or barred in whole or in part by obligations to license one or more of the Asserted Patents on fair, reasonable, and nondiscriminatory ("FRAND") or on reasonable and non-discriminatory ("RAND") terms and conditions.

316.    Standard settings organizations ("SSOs") are bodies organized to develop, coordinate, institute, and disseminate technical standards and specifications in various industries. SSOs in the communications and networking industries include, for example, the International Organization for Standardization ("ISO") and the International Electrotechnical Commission ("IEC").

317.    To ensure that industry participants are able to adopt and use established standards without risk of infringing on standard-essential intellectual property, SSOs promulgate policies and procedures that control the disclosure and licensing of patents held by their members

and that may read on adopted standards and/or those being developed.  These policies and procedures are set out in each SSO's intellectual property rights policies ("IPR policies").  These IPR policies constitute contractual commitments to offer standard-essential patents in accordance with the terms of those policies.

318.    SSO IPR policies include, inter alia, an obligation to license patents declared standard-essential on FRAND/RAND terms.  For instance, some IPR policies obligate their members to grant irrevocable licenses to essential patents on fair, reasonable and non-discriminatory ("FRAND") terms and conditions.  Furthermore, this obligation runs with the patents' rights.

319.    Plaintiffs' Complaint alleges "many of the claims of the Asserted Patents are subject to Fair, Reasonable, and Non-Discriminatory ('FRAND') licensing obligations to willing licensees.

320.    As members of the public that would potentially implement the standards and specifications set forth by the ISO, IEC, and other SSOs, Crackle, its vendors, and its customers, are intended third-party beneficiaries of Plaintiffs' contractual commitments to those SSOs.

321.    Accordingly, to the extent that any of the claims of the Asserted Patents are deemed essential to implementation of any standard or specification set forth by one or more of the ISO, IEC, or other SSOs, then Plaintiffs are obligated to provide Crackle with a license to such claims on FRAND and/or RAND terms.

## NINTH AFFIRMATIVE DEFENSE
### (Standing)

322.    On information and belief, Plaintiffs' claims for relief are barred or limited for lack of standing.

## RESERVATION OF RIGHTS

323.    Crackle reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the patent laws, and any other defenses available at law or in equity that now exist or in the future may be available based on discovery or any other factual investigation concerning this action.

## COUNTERCLAIMS

Counterclaim-Plaintiff Crackle, on personal knowledge as to its own acts, and on information and belief as to all others, based on its own investigation, alleges Counterclaims against Helios Streaming, LLC and Ideahub, Inc. (collectively "Helios") as follows:

## PARTIES

1.    Crackle Plus, LLC is a limited liability company organized under the laws of the State of Delaware with a principal place of business at 132 East Putman Avenue, Floor 2W, Cos Cob, CT 06807.

2.    Chicken Soup for the Soul Entertainment, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 132 East Putman Avenue, Floor 2W, Cos Cob, CT 06807.

3.    Sony Pictures Television, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 10202 West Washington Boulevard, Culver City, CA 90232.

4.    Sony Pictures Entertainment, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 10202 West Washington Boulevard, Culver City, CA 90232.

5.    Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Helios Streaming, LLC is a limited liability company

organized under the laws of the State of Delaware with a place of business at 9880 Irvine Center Drive, Suite 200, Irvine, California 92618.

6.      Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Ideahub, Inc. is a corporation organized under the laws of the Republic of Korea with a place of business at 7 Heolleungro, Seocho-gu, Seoul 06792 Republic of Korea.

## **JURISDICTION**

7.      The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201, and/or 2202.

8.      These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*  An actual controversy exists under the Declaratory Judgment Act as to the validity and infringement because Helios' Complaint alleges that Crackle infringes U.S. Patent Nos. 10,270,830 (the "'830 Patent"), 10,277,660 (the "'660 Patent"), 10,313,414 (the "'414 Patent"), 10,356,145 (the "'145 Patent"), 10,362,130 (the "'130 Patent"), 10,375,373 (the "'373 Patent"), 8,645,562 (the "'562 Patent"), 8,909,805 (the "'805 Patent"), 9,325,558 (the "'558 Patent"), and 9,467,493 (the "'493 Patent"), which Crackle denies.

9.      Helios has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

10.      Based solely on Helios' filing of this action, venue is proper in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**FRAND OBLIGATIONS**

11.     During all relevant times, the Electronics and Telecommunications Research Institute ("ETRI"), the purported original assignee of the Asserted Patents, was a participant in the ISO and IEC's development of the MPEG-DASH standard.

12.     On March 28, 2012, ETRI submitted a Patent Statement and Licensing Declaration form to ISO/IEC, declaring that it "believes that it holds granted and/or pending applications for patents, the use of which would be required to implement" ISO/IEC Deliverable number 23009-1, titled "MPEG-Dynamic adaptive streaming over HTTP (DASH) – Part 1: Media Presentation Description and Segment Formats." ETRI further declared that it "is prepared to grant a license to an unrestricted number of applications on a worldwide, nondiscriminatory basis and on reasonable terms and conditions to make, use and sell implementations of the above document."

13.     Upon information and belief, ISO/IEC Deliverable number 23009-1 was adopted as the MPEG-DASH standard and continues to be incorporated in current and subsequent versions of the standard.

14.     Upon information and belief, the "granted and/or pending applications" that ETRI referenced in its Patent Statement and Licensing Declaration form included one or more of the Asserted Patents and/or patent applications that issued as the Asserted Patents. Indeed, Helios has alleged in the Complaint that the "claimed inventions of the Asserted Patents have been incorporated into the standard for dynamic adaptive streaming delivery of MPEG media over HTTP, ISO/IEC 23009-1:2014, and subsequent versions of this standard" and that "pursuant to relevant ISO and IEC guidelines, bylaws, and policies, many of the claims of the Asserted Patents are subject to Fair, Reasonable, and Non-Discriminatory ('FRAND') licensing obligations to willing licensees." (Dkt. 26 at ¶¶ 27, 306.)

15.     As a result of its participation in the work of ISO/IEC, and its declarations and concomitant commitments, ETRI was and is bound by ISO/IEC's policies and procedures, including the Common Patent Policy, and is obligated to license the Asserted Patents on FRAND terms.   As ETRI's successors-in-interest to the Asserted Patents, Helios is likewise bound by ETRI's FRAND obligations.

16.     Notwithstanding ETRI's FRAND commitments, Helios has failed to offer a FRAND license to Crackle with respect to potentially essential patents in its portfolio, including the Asserted Patents.

17.     Although Helios has proposed license terms to Crackle, those terms were manifestly not FRAND, because, among other things, Helios unfairly and unreasonably demanded different royalty rates for the same content distributed over the same architecture based upon how the user signs in or authenticates to access that content.   Helios also unfairly and unreasonably sought to recover multiple royalties on the same content by assessing royalties on multiple different components of Crackle's content delivery architecture.   Helios further unfairly and unreasonably defined the scope of its offer such that royalty rates would be paid on hardware and software that was merely ***capable*** of practicing portions of the MPEG-DASH standard, regardless of whether Crackle actually used that hardware or software to practice the MPEG-DASH standard.

18.     Additionally, Helios has breached their FRAND obligations by initiating this lawsuit in an effort to extract unfair and unreasonable license terms from Crackle.

## COUNT I: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 10,270,830

19.     Crackle incorporates by reference paragraphs 1–18 above.

20.     Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '830 Patent.

21.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '830 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

22.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '830 Patent is infringed.  Crackle has no adequate remedy at law.

23.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '830 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,270,830

24.     Crackle incorporates by reference paragraphs 1–23 above.

25.     Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '830 Patent.

26.     All claims of the '830 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.  The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '830 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

28.     Crackle does not have an adequate remedy at law.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,277,660

29.     Crackle incorporates by reference paragraphs 1–28 above.

30.     Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '660 Patent.

31.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '660 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

32.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '660 Patent is infringed.  Crackle has no adequate remedy at law.

33.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '660 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT IV: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 10,277,660

34.     Crackle incorporates by reference paragraphs 1–33 above.

35.     Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '660 Patent.

36.     All claims of the '660 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.   The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '660 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

38.     Crackle does not have an adequate remedy at law.

## COUNT V: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 10,313,414

39.     Crackle incorporates by reference paragraphs 1–38 above.

40.     Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '414 Patent.

41.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '414 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

42.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '414 Patent is infringed.  Crackle has no adequate remedy at law.

43.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '414 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,313,414

44.     Crackle incorporates by reference paragraphs 1–43 above.

45.     Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '414 Patent.

46.     All claims of the '414 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.  The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

47.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '414 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

48.     Crackle does not have an adequate remedy at law.

## COUNT VII: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 10,356,145

49.     Crackle incorporates by reference paragraphs 1–48 above.

50.     Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '145 Patent.

51.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '145 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

52.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '145 Patent is infringed.  Crackle has no adequate remedy at law.

53.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '145 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT VIII: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 10,356,145

54.     Crackle incorporates by reference paragraphs 1–53 above.

55.     Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '145 Patent.

56.     All claims of the '145 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.   The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

57.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '145 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

58.     Crackle does not have an adequate remedy at law.

## COUNT IX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,362,130

59.     Crackle incorporates by reference paragraphs 1–58 above.

60.     Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '130 Patent.

61.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '130 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

62.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '130 Patent is infringed.  Crackle has no adequate remedy at law.

63.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '130 Patent directly, indirectly, contributorily, by

inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT X: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 10,362,130

64.    Crackle incorporates by reference paragraphs 1–63 above.

65.    Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '130 Patent.

66.    All claims of the '130 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.   The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

67.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '130 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

68.    Crackle does not have an adequate remedy at law.

## COUNT XI: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF U.S. PATENT NO. 10,375,373

69.    Crackle incorporates by reference paragraphs 1–68 above.

70.    Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '373 Patent.

71.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '373 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

72.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '373 Patent is infringed.  Crackle has no adequate remedy at law.

73.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '373 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT XII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,375,373

74.     Crackle incorporates by reference paragraphs 1–73 above.

75.     Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '373 Patent.

76.     All claims of the '373 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.  The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

77.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '373 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States

Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

78.     Crackle does not have an adequate remedy at law.

## COUNT XIII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,645,562

79.     Crackle incorporates by reference paragraphs 1–78 above.

80.     Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '562 Patent.

81.     Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '562 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

82.     Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '562 Patent is infringed.  Crackle has no adequate remedy at law.

83.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '562 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT XIV: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,645,562

84.     Crackle incorporates by reference paragraphs 1–83 above.

85.    Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '562 Patent.

86.    All claims of the '562 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.   The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

87.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '562 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

88.    Crackle does not have an adequate remedy at law.

## COUNT XV: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,909,805

89.    Crackle incorporates by reference paragraphs 1–88 above.

90.    Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '805 Patent.

91.    Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '805 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

92.    Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '805 Patent is infringed.  Crackle has no adequate remedy at law.

50

93.     Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '805 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT XVI: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,909,805

94.     Crackle incorporates by reference paragraphs 1–93 above.

95.     Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '805 Patent.

96.     All claims of the '805 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101. The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

97.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '805 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

98.     Crackle does not have an adequate remedy at law.

## COUNT XVII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,325,558

99.     Crackle incorporates by reference paragraphs 1–98 above.

100.    Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '558 Patent.

101.    Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '558 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

102.    Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '558 Patent is infringed.  Crackle has no adequate remedy at law.

103.    Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '558 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT XVIII: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 9,325,558

104.    Crackle incorporates by reference paragraphs 1–103 above.

105.    Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '558 Patent.

106.    All claims of the '558 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.  The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

107.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '558 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

108.    Crackle does not have an adequate remedy at law.

## COUNT XIX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,467,493

109.    Crackle incorporates by reference paragraphs 1–108 above.

110.    Based on Helios' filing of this action and at least Crackle's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Crackle infringes the '493 Patent.

111.    Crackle denies that it directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, infringes any valid claim of the '493 Patent, either literally or under the doctrine of equivalents, willfully or otherwise.

112.    Accordingly, a valid and justiciable controversy has arisen and exists between Helios and Crackle as to whether the '493 Patent is infringed.  Crackle has no adequate remedy at law.

113.    Based on the foregoing, and pursuant to the Federal Declaratory Judgement Act, 28 U.S.C. §2201 *et seq.*, Crackle requests a declaration by the Court that Crackle has not infringed and does not infringe any claim of the '493 Patent directly, indirectly, contributorily, by inducement, jointly, or in a divided manner, either literally or under the doctrine of equivalents, willfully or otherwise.

## COUNT XX: DECLARATORY JUDGMENT OF
## INVALIDITY OF U.S. PATENT NO. 9,467,493

114.   Crackle incorporates by reference paragraphs 1–113 above.

115.   Based on Helios' filing of this action and at least Crackle's second affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of one or more claims of the '493 Patent.

116.   All claims of the '493 Patent fail to claim eligible subject matter under 35 U.S.C. §§ 101.   The claims are directed to an abstract idea performed on a generic computer implementation and are invalid under *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).

117.   Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Crackle requests a declaration by the Court that one or more claims of the '493 Patent are invalid and/or unenforceable for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

118.   Crackle does not have an adequate remedy at law.

## COUNT XXI: BREACH OF CONTRACT
## THIRD PARTY BENEFICIARY

119.   Crackle incorporates by reference paragraphs 1–118 above.

120.   As set forth above, ETRI entered into express or implied contracts with ISO, IEC, and their members, to grant licenses to its purportedly essential patents on FRAND terms.

121.   ETRI's contracts with these standard setting organizations, and in particular ETRI's commitments in the contracts to grant licenses to its purportedly essential patents on FRAND terms evince a clear intent that the contracts benefit Crackle and other third parties who might require a license to the Asserted Patents in order to practice the MPEG-DASH standard.

122.   These same contractual commitments create a duty on behalf of ETRI, and Helios as ETRI's successors-in-interest, to license the Asserted Patents on FRAND terms.

123.   It is only by fulfillment of ETRI's promise to license the Asserted Patents on FRAND terms that Crackle will receive the intended benefit of being able to practice the MPEG-DASH standard free from unreasonably high and discriminatory licensing demands.

124.   Helios has breached and continue to breach ETRI's contracts with ISO and IEC by refusing to license purportedly essential patent rights, including the Asserted Patents, to the contracts' third-party beneficiaries, including Crackle, on FRAND terms.

125.   As a result of these contractual breaches, Crackle has been injured, including in its business and property.   Crackle has been forced to expend resources resolving this licensing dispute, and is threatened, in particular, with loss of profits, loss of customers and potential customers, loss of goodwill and product image, and uncertainty among customers and potential customers.

## COUNT XXII: PROMISSORY ESTOPPEL

126.   Crackle incorporates by reference paragraphs 1–125 above.

127.   ETRI made clear and definite promises to potential licensees through its commitments to ISO/IEC that it would license its purportedly essential patent rights, including the Asserted Patents, on FRAND terms.

128.   The intended purpose of ETRI's promises was to induce reliance.   ETRI knew or should have reasonably expected that these promises would induce providers of video content, such as Crackle, to develop and/or market streaming services compliant with the MPEG-DASH standard.

129.     Crackle has invested substantial money in the applicable technology to market and/or provide services compliant with the MPEG-DASH standard, in reliance on ETRI's promises, as described above.

130.     ETRI – and Helios, as ETRI's successors-in-interest – are estopped from repudiating these promises under the doctrine of promissory estoppel.

131.     Crackle has been harmed as a result of its reasonable reliance on ETRI's promises and the wrongful conduct of Helios.  Crackle has been forced to expend resources resolving this licensing dispute, and is threatened, in particular, with loss of profits, loss of customers and potential customers, loss of goodwill and product image, and uncertainty among customers and potential customers.

132.     Crackle lacks an adequate remedy at law.

### COUNT XXIII: DECLARATORY JUDGMENT: HELIOS HAS NOT OFFERED LICENSES ON FRAND TERMS

133.     Crackle incorporates by reference paragraphs 1–132 above.

134.     There is an actual controversy between the parties concerning whether the terms on which Helios has offered to license their purported essential patents are FRAND.

135.     The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

136.     Crackle is entitled to a declaratory judgment that Helios has not to date offered it licenses on FRAND terms.

### COUNT XXIV: DECLARATORY JUDGMENT: DETERMINATION OF FRAND LICENSE

137.     Crackle incorporates by reference paragraphs 1–136 above.

138.     There is an actual controversy between the parties concerning FRAND terms for Helios' United States patents that are essential to the MPEG-DASH standard.

139.   The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

140.   Crackle is entitled to a declaratory judgment determining an appropriate FRAND royalty for Helios' United States patents that are essential to the MPEG-DASH standard.

## JURY DEMAND

Crackle hereby demands trial by jury on all issues in these Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Crackle asks this Court to enter judgment in Crackle's favor and against Helios by granting the following relief:

a)   a declaration that the Asserted Patent are invalid and unenforceable;

b)   a declaration that Crackle does not infringe, under any theory, any valid claim of the Asserted Patent;

c)   a declaration that Helios take nothing by its Complaint;

d)   a declaration that Helios has breached ETRI's contracts with ISO/IEC, harming Crackle as a third-party beneficiary of those contracts, by failing to offer licenses on FRAND terms to purported essential patent rights, including the Asserted Patents, ordering specific performance of these contracts, and awarding appropriate damages in an amount to be proven at trial;

e)   a declaration that Helios are estopped from seeking any relief in this proceeding, or in any other forum, for Crackle's alleged infringement of Helios' purported essential patent rights, including the Asserted Patents;

f)   a declaration that Helios has not to date offered Crackle licenses on FRAND terms;

g)   a declaration of an appropriate FRAND royalty to license Helios' purported essential patent rights, including the Asserted Patents

h)   judgment against Helios and in favor of Crackle;

i)   dismissal of the Complaint with prejudice;

j)   a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award

     to Crackle of its costs and attorneys' fees incurred in this action; and

k)   further relief as the Court may deem just and proper.

Dated: May 8, 2020                  FISH & RICHARDSON P.C.

                                    By:  */s/ Ronald P. Golden III*
                                         Ronald P. Golden III (No. 6254)
                                         222 Delaware Avenue, 17th Floor
                                         Wilmington, DE 19801
                                         (302) 658-5070 (Telephone)
                                         (302) 652-0607 (Facsimile)
                                         golden@fr.com

                                         John S. Goetz
                                         FISH & RICHARDSON P.C.
                                         7 Times Square, 20th Floor
                                         New York, NY 10036
                                         (214) 747-5070 (Telephone)
                                         goetz@fr.com

                                         ***COUNSEL FOR DEFENDANTS
                                         CRACKLE PLUS, LLC, CHICKEN SOUP FOR
                                         THE SOUL ENTERTAINMENT, INC., SONY
                                         PICTURES TELEVISION INC., AND
                                         SONY PICTURES ENTERTAINMENT INC.
                                         (CRACKLE INC. IS A NON-EXISTING
                                         ENTITY)***